Littleton, Judge,
dissenting:
Plaintiff contends that it is entitled to recover the additional cost of $3,936.06 incurred by reason of encountering water at an elevation higher than that shown on the contract drawings upon the theory (1) that the defendant’s drawing 110-25 made a positive representation of a material fact *534 upon which plaintiff was entitled to rely, and defendant is liable for damages arising out of, and as a result of its misrepresentation, or (2) changed conditions within the meaning of Article 4 of the contract were encountered during the progress of the work, and plaintiff is entitled to recover the increased costs so incurred as a result of such changed conditions, under the provisions of the said Article.
In its brief defendant answers these contentions by attempting to show that they are not sustained by the record, as the contracting officer and the head of the department held in their decisions on the same questions.
Article 15 of the contract, quoted in finding 16, provided for final decisions by the contracting officer and the head of the department of “all disputes concerning questions of fact arising under this contract.” Paragraph 12 (b), page 1G-A, of the specifications, constituting a part of the contract, provided that “The opinion of the contracting officer as to the proper interpretation of the drawings and/or specifications shall be final, subject to written appeal by the contractor, within thirty (30) days, to the Administrator, whose decision shall be final and conclusive upon the parties hereto.” Neither party mentions these provisions in their briefs, but I think we cannot escape consideration of their effect on plaintiff’s right to recover the increased costs claimed. Plaintiff’s agreement to be bound by the decisions of the officials named is a fact to be considered in connection with all other facts in the case, and if the disputes which plaintiff presented to the contracting officer and the head of the department were disputes concerning questions covered by these provisions, as I think they were, those decisions must be treated as final here. It is not alleged and there is not sufficient evidence to show that the decisions were arbitrary or so grossly erroneous as to imply bad faith. On the contrary the record shows that the decisions were made in good faith. This being so plaintiff may not recover even though those decisions may have been incorrect.
I would dismiss the petition.
Jones, Judge, took no part in the decision of this case.